UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| SHERWIN ALONZO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 13-2192-SEM-DGB |
| | ) |
| OFFICER SUDLOW and | ) |
| KEITH O. ANGLIN, | ) |
| Warden of Danville Correctional | ) |
| Center, | ) |
| | ) |
| Defendants. | ) |

### ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Plaintiff Sherwin Alonzo's motion to amend complaint, on his motions for appointment of counsel, and on his second motion to proceed in forma pauperis.

On August 29, 2013, Alonzo filed the above-captioned case, attempting to assert a violation of his Eighth Amendment right to be free from cruel and unusual punishment. Although Alonzo used the Court's complaint form, he did not properly complete the form. Specifically, Alonzo did not identify the Defendants who he wished to sue in either the caption of the form or in the section of the form

1

that allows a litigant to identify the defendants by name, current job title, and current work address. Accordingly, the Court reviewed the factual allegations contained within Alonzo's Complaint and attempted to decipher exactly who he was suing and identified Defendants Officer Sudlow and Warden Keith Anglin.

On October 1, 2013, Alonzo submitted a second Complaint that the Court will treat as a motion to amend his Original Complaint (D/E 6). This Complaint suffers from the same defects as his first Complaint in that it does not identify any Defendant(s) in the caption of the Court's complaint form or in the section of the form provided to identify the Defendant(s). Based upon the Court's review of the factual allegations contained in Alonzo's second filing, he apparently intends to include Correctional Officer Gore, Dr. Talbot, Nurse Steven White, and "Nurse Sandy" as additional Defendants in this suit.

Federal Rule of Civil Procedure 8 requires a short, plain statement of a plaintiff's claims showing that he is entitled to relief. Part of this showing necessarily includes the identity of the person(s) who allegedly caused the plaintiff harm and whose actions allegedly entitle the plaintiff to relief. Rather than requiring the

2

Court to surmise or guess who Alonzo believes violated his Constitution rights, the Court will deny Alonzo's motion to amend his Original Complaint but will give him leave to file another Complaint within 21 days of the date of this Order.  This Amended Complaint, if Alonzo chooses to file one, should specifically identify as a Defendant(s) the person or persons Alonzo believes violated his rights and from whom he seeks relief.  Alonzo should identify these individuals who he wishes to sue by identifying them in the caption of the Court's complaint form and by identifying the persons as Defendants in "Section II" of the Court's complaint form.  Alonzo should, then, briefly state what each individual did to violate his constitutional right and provide an approximate time frame when these violations occurred.

Alonzo has also filed three motions for the appointment of counsel (D/E's 3, 4, & 7).  These motions to request counsel to voluntarily represent Alonzo *pro bono* are denied as premature.  The Court cannot consider the merits of the motions until Alonzo shows that he has made reasonable efforts to find counsel on his own. *Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007).  Typically, a plaintiff makes this showing by writing to several different law firms

3

and attaching the responses to the motion for appointment of counsel. Alonzo's motions are also premature because this case has not yet survived a merit review that will determine whether he states any federal claim(s). Alonzo may renew his motion for the appointment of counsel after the merit review hearing and upon demonstrating that he has tried to find counsel on his own. If Alonzo renews his motion, he should set forth his educational level, work experience inside and outside the facility, litigation experience, and any other facts relevant to whether he is competent to proceed without an attorney.

Finally, Alonzo has filed a second motion for leave to proceed in forma pauperis (D/E 8). The Court has previously granted Alonzo's first motion to proceed in forma pauperis (D/E 2). Therefore, this second motion is redundant and is denied as moot.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's motion for leave to file an Amended Complaint (D/E/ 6) is DENIED with leave to re-file an Amended Complaint, within 21 days of the date of this Order, that Complies with the dictates of this Court's Order.

2. Plaintiff's motions for appointment of counsel (D/E 3, 4, & 7) are DENIED with leave to re-file in compliance with the dictates of this Court's Order.

3. Plaintiff's second motion to proceed in forma pauperis (D/E/8) is DENIED as moot.

ENTER:  10/3/13

FOR THE COURT:

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
